77 F.3d 492
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James D. FINLEY, Plaintiff-Appellant,
v.
ATLANTIC RICHFIELD COMPANY, Defendant-Appellee.
 No. 95-7055.
 United States Court of Appeals, Tenth Circuit.
 Feb. 26, 1996.
 
 ORDER AND JUDGMENT[1]
 Before PORFILIO, ANDERSON and KELLY, Circuit Judges.
 
 
 1
 James D. Finley appeals a district court order granting summary judgment to Atlantic Richfield Company (ARCO) in Mr. Finley's suit for breach of express and implied lease obligation and breach of fiduciary duty. The district court found Mr. Finley lacked standing to sue for damages to his oil and gas mineral interests because the sole basis underlying his theories of recovery was a settlement agreement between ARCO and Arkla Energy Resources (ARKLA) that occurred prior to the date Mr. Finley acquired any ownership interest in the minerals. Mr. Finley also appeals a district court's denial of class certification because Mr. Finley failed to satisfy the prerequisites of Fed.R.Civ.P. 23(a) in his Motion for Class Certification.
 
 
 2
 We agree with, and thus affirm, the district court's granting of summary judgment. We therefore conclude the remaining issues are moot. The parties are well acquainted with the facts; thus, they will not be restated except when necessary to elucidate our conclusions.
 
 
 3
 Making two separate arguments, Mr. Finley challenges the district court's determination that he lacks standing to recover damages. Mr. Finley argues the actual date of the 1989 Agreement was November 15, 1989. He claims the final terms of the contract between ARCO and ARKLA were not resolved until November and the parties agreed to make the contract effective retroactive to February 1, 1989, to the detriment of himself and other third parties. If the actual date of the agreement was November 15, Mr. Finley argues, as an owner since March 1, he would have standing to sue.
 
 
 4
 Mr. Finley also maintains he has standing because his claims against ARCO were not based simply on a price reduction resulting from the 1989 Agreement, but also on ARCO's "marketing activities" during his ownership of the minerals. Mr. Finley asserts ARCO's ongoing breach of an express and implied lease obligation and its ongoing breach of fiduciary duty represent actual injury for standing purposes. Mr. Finley claims the district court's determination that ARCO does not owe a fiduciary duty to him is error under Oklahoma law. We review the district court's granting of ARCO's Motion for Summary Judgment de novo. Missouri Pacific R.R. v. Kansas Gas & Elec. Co., 862 F.2d 796, 798 (10th Cir1988).
 
 
 5
 Standing is a threshold requirement which permits a federal court to adjudicate a dispute. Valley Forge Christian College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). "[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' and that the injury fairly can be traced to the challenged action' and is likely to be redressed by a favorable decision.' " Id. at 472 (citations omitted).
 
 
 6
 The district court concluded Mr. Finley has no standing because he did not acquire his interest until March 1, 1989, after the February 1, 1989 effective date of the settlement agreement. He did not sustain any actual or threatened injury because the price and royalty proportion for gas was set before Mr. Finley acquired his interest in March 1989.
 
 
 7
 Under Oklahoma law, a letter agreement which memorializes the material terms of the parties' agreement may serve as a binding contract if the parties so intend. Raydon Exploration, Inc. v. Ladd, 902 F.2d 1496, 1500 (10th Cir.1990). "Immaterial variances between the offer and acceptance will be disregarded and the mere addition of a collateral or immaterial matters will not prevent the formation of a contract." Id. Here, the material terms of the settlement were memorialized in a Letter Agreement dated February 8, 1989. ARCO and ARKLA clearly intended to enter into a definite agreement memorialized by the letter because the letter obligated ARKLA to purchase gas commencing February 1. The Letter Agreement announces: "This Letter of Intent memorializes our agreement to certain Settlement Principles in resolution of the above referenced lawsuits, and expresses our joint commitment to develop documents incorporating such settlement Principles."
 
 
 8
 Although the 1989 Agreement was not completed until November 15, 1989, the Settlement Principles reflected in the final document, including purchase price and period of purchase obligation, remained unchanged. Additional terms were collateral or immaterial matters which did not affect the formation of a contract.
 
 
 9
 Mr. Finley argues ARCO and ARKLA made their November 15, 1989 Agreement retroactive by backdating its effective date. He cites Debrecini v. The Outlet Co., 784 F.2d 13 (1st Cir.1986), for the premise that the legal fiction of retroactivity should not be applied to affect adversely the rights of third persons. The premise is sound, but the rule does not apply to these facts.
 
 
 10
 In Debrecini, a preliminary agreement was expressly subject to the execution of definitive documents and stated the agreement was not binding until approved by the defendant's board of directors. Here, the Letter Agreement was not contingent on any further approval and was effective and enforceable as of February 1989. Debrecini acknowledges that written contracts may be effective "as of" an earlier date if the contract was a written validation of an already existing and partially performed agreement. ARCO's Letter Agreement represents precisely such an arrangement. Because it is undisputed that Mr. Finley did not acquire interest in the minerals until March 1, 1989, his claimed injuries may not arise out of the 1989 Agreement and instead must stem from an injury received during his ownership of the property.
 
 
 11
 In his response to ARCO's summary judgment motion, Mr. Finley argued for the first time that his claim was based on ARCO's general "marketing activities" and an ongoing breach of obligation, as well as on the 1989 Agreement. However, virtually every assertion in his complaint is tied to the 1989 Agreement. Mr. Finley alleges in his amended complaint:
 
 
 12
 (1) ARCO's structuring and implementation of the Settlement Agreement breached its obligations ... under the implied covenant to market that exists between Finley and ARCO.... (2) ARCO structured and implemented the Settlement Agreement in a self-dealing manner in violation of ARCO's implied and express lease obligations. (3) ARCO has failed to pay ... royalties pursuant to the Settlement Agreement. (4) ARCO has failed to pay Finley ... royalties due and owing under the ARKLA settlement....
 
 
 13
 The district court noted "[n]owhere in his complaint, response brief, or attached affidavit does Finley attempt to present any evidentiary support for his contention that his claims against ARCO are based on ARCO's marketing activities' during his ownership of his minerals." As a result, the district court concluded Mr. Finley's claims were "inextricably intertwined with, and wholly dependent upon, the 1989 settlement agreement." Reviewing the complaint documents, we see nothing to contradict the district court's finding.
 
 
 14
 Mr. Finley claims that by basing his complaint on "ARCO's structuring and implementation of the Settlement Agreement," somehow the word "implementation" encompasses the ongoing breach of his entitlement to proper marketing efforts. He cites Indian Territory Illuminating Oil Co. v. Rosamond, 190 Okla. 46, 120 P.2d 349 (1941), as precedent for a lessee's right to sue for breach of an implied covenant of a gas lease when the breach is ongoing and unresolved.
 
 
 15
 Rosamond recognizes that an implied covenant is an ongoing covenant, and "the right to maintain the action for its breach continues so long as the breach continues and the plaintiff is damaged thereby." Id. at 48, 120 P.2d at 352. Again, the premise is sound, but not controlling. Mr. Finley's complaint is still fatally moored to the 1989 Agreement. Because he did not possess an ownership interest in the minerals when the price for gas was set, he has no right to dispute the price. There is no continuing or ongoing breach from which to sue. Therefore, Mr. Finley's alternate theory does not provide standing either.
 
 
 16
 Mr. Finley's lack of standing renders his remaining issues moot. We note especially, however, although Mr. Finley challenges the district court's denial of class certification, it is fundamental if he does not have standing to sue ARCO based on his amended complaint he cannot represent an injured class. "It is axiomatic that an uninjured plaintiff cannot bring suit on behalf of an injured class." Milonas v. Williams, 691 F.2d 931, 937 (10th Cir.1982), cert. denied, 460 U.S. 1069 (1983).
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3